UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| GARRY R. MEANS | : | |
| MARGERY MEANS | | |
|     Debtors | : | Bankruptcy No. 05-31424bif |

............................................

ORDER

............................................

AND NOW, this 24th day of May 2007, upon motion of Mr. Garry R. Means and Mrs. Margery Means to reopen their closed chapter 7 case pursuant to 11 U.S.C. § 350(b),

And upon consideration of the opposition thereto filed by Mr. Bjorn Lowenhielm,

And after a hearing at which both parties requested that all factual averments made in their respective pleadings be taken as true,

And Mr. and Mrs. Means filed a voluntary petition in bankruptcy under chapter 7 on August 25, 2005,

And the chapter 7 debtors did not disclose that Mr. Lowenhielm was a creditor,

And the chapter 7 case was administered by the chapter 7 trustee as a no-asset case, meaning that there was no property of the debtors administered for distribution to creditors and creditors were informed, pursuant to Fed. R. Bankr. P. 2002(e), that they need not file any proofs of claim,

And a deadline of December 13, 2005 was set for creditors to file non-dischargeability complaints, or objections to discharge, pursuant to Fed. R. Bank. P. 4004 and 4007,

And Mr. Lowenhielm was never informed of this deadline,

And on March 14, 2006, a chapter 7 discharge was entered in favor of Mr. and Mrs. Means,

And on March 14, 2006, this chapter 7 case was closed pursuant to 11 U.S.C. § 350(a),

And in June 2006, Mr. Lowenhielm commenced an arbitration proceeding against Mr. Means, with a hearing scheduled for December 1, 2006,

And Mr. Means' counsel sought a postponement of the arbitration hearing, which request was denied,

And in connection with the request for postponement of the arbitration hearing, Mr. Means did not assert that he had received a chapter 7 discharge or that the arbitration claim had been discharged,

And on January 25, 2007, the arbitrator entered an award in favor of Mr. Lowenhielm and against Mr. Means.  (Mr. Means declined to participate in the arbitration hearing),

And on January 30, 2007 Mr. Lowenhielm commenced a civil action in the United States District Court for the Southern District of New York against Mr. Means seeking to enforce the arbitration award and have judgment entered against Mr. Means,

And after this civil action commenced, Mr. Lowenhielm first learned of the chapter 7 bankruptcy filing of Mr. and Mrs. Means and the entry of a bankruptcy discharge,

And even though Mr. Lowenhielm never received notice of the bankruptcy filing while it was pending, his claim against Mr. Means would be discharged unless he could demonstrate that the provisions of 11 U.S.C. § 523(a)(3)(B) were applicable. See, e.g., Judd v. Wolfe, 78 F.3d 110, 115 (3d Cir. 1996):

> Thus, in a no-asset Chapter 7 case where no bar date has been set, we conclude that there would be no purpose served by reopening a case to add an omitted creditor to the bankrupt's schedules. If the debt at issue is not a debt described under section 523(a)(2), (4) or (6), the debt has been discharged by virtue of section 727(b), whether or not it was listed. If, however, the debt is a debt that falls under sections 523(a)(2), (4) or (6), the debt is not discharged by virtue of section 523(a)(3)(B).

And Mr. and Mrs. Means seek to reopen this closed chapter 7 case in order to litigate in this bankruptcy court whether Mr. Lowenhielm's claim is non-dischargeable under section 523(a)(2)(B),

And a bankruptcy court does not have exclusive jurisdiction over non-dischargeability disputes under section 523(a)(3). As one court has observed:

> Jurisdiction over section 523(a)(3) actions, however, is concurrent state and federal jurisdiction pursuant to section 1334(b), rather than the exclusive federal jurisdiction prescribed by section 523(c). Not only may dischargeability of the fraud claim be litigated in state court, the action, like all the concurrent jurisdiction nondischargeability actions, may be filed "at any time" after the bankruptcy case is first filed. . .
>
> In short, the penalty to the debtor for failing to schedule a fraud debt or otherwise to inform the creditor of the bankruptcy is forfeiture of the right to enjoy exclusive federal

3

> jurisdiction and loss of the sixty-day limitations period
> applicable in the exclusive jurisdiction actions.

In re Franklin, 179 B.R. 913, 924 (Bankr. E.D. Cal. 1995) (citations and footnote omitted); accord, In re Jenkins, 330 B.R. 625, 630-31 (Bankr. E.D. Tenn. 2005),

Accordingly, Mr. Lowenhielm asserts that any issue of non-dischargeability under section 523(a)(3)(B) can and should in this instance be determined by the District Court for the Southern District of New York,

And pursuant to section 350(b), "a [closed bankruptcy] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor or for other cause." Whether to reopen a closed bankruptcy case is committed to the discretion of the bankruptcy court. See, e.g., Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997); Judd v. Wolfe, 78 F.3d at 116; Matter of Case, 937 F.2d 1014, 1018 (5th Cir. 1991) ("This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings."); Hawkins v. Landmark Finance Co., 727 F.2d 324 (4th Cir. 1984); Matter of Becker's Motor Transp., Inc., 632 F.2d 242, 245 (3d Cir. 1980), cert. denied, 450 U.S. 916 (1981); Urbanco Inc. v. Urban Systems Streetscape, Inc., 111 B.R. 134 (W.D. Mich. 1990),

And the burden of demonstrating circumstances sufficient to justify the reopening is on the moving party. See, e.g., In re Cloninger, 209 B.R. 125, 126 (Bankr. E.D. Ark. 1997); In re Nelson, 100 B.R. 905 (Bankr. N.D. Ohio 1989),

And for the reasons stated in open court—given the debtors' failure to schedule Mr. Lowenhielm's substantial claim; given the failure of the debtor to raise the discharge issue within the arbitration matter; given that Mr. Lowenhielm expended funds

4

to prosecute that arbitration claim; given that this case was closed more than one year ago; and given that the debtors waited until April 16, 2007 to file the instant motion to reopen, although they knew on or before December 1, 2006 that Mr. Lowenhielm was pressing his claim against Mr. Means—the better exercise of discretion is to deny the motion to reopen and permit the district court to adjudicate the non-dischargeability issue, as requested by Mr. Lowenhielm,

Accordingly, it is hereby ordered that the motion to reopen this case is denied. It so doing, this court expresses no position regarding the merits of Mr. Lowenhielm's claim nor the dischargeability of that claim.

BRUCE FOX
United States Bankruptcy Judge

copies to:

Mr. Garry R Means
Mrs. Margery Means
20 Beth Drive
Lower Gwynedd, PA 19002

Barton Knochenmus, Esq.
Knochenmus Law Firm
125 North 8th Street
Allentown, PA 18101

Adam Finkel, Esq.
Sabharwal & Associates
350 Fifth Ave, Suite 4606
New York, NY 10118

Michael L. Maddren, Esq.
McNichol Byrne Matlawski
606 E. Baltimore Pike
Media, PA 19063

5